## Harrison et al. *v.* Reeves et al., Appellants.

### [Marked to be reported.]

*Building contract — Price—Meaning of "within" specified figures—Architect as arbitrator—Question for court.*

A building contract contained this provision: " The new tiles for fireplace fronts and hearths to be estimated at $40.00 each, each fireplace set complete, and the grates or backs and jambs are to be included also in this proposal at $40.00 each.   The owner is to have the privilege of selecting all these articles within the above figures." Plaintiffs, subcontractors, proposed to put in the tiles, and the owner selected tiles of less price than $40.00. The architect directed plaintiffs to put in the tiles at the less price named, and to do it as part of the contract with the builders, reporting it to them.   *Held :* (1) That the owner had a right under the contract to select tiles less in value than $40.00 ; (2) that the question whether she did so, and what was the price of those selected was for the jury ; and (3) that the decision as to whether she had a right to select tiles of less value than $40 was probably not within the function of the architect acting as arbitrator, but that evidence as to the action of the architect should have been received, leaving the consideration of it for the court upon all the testimony.

Argued Jan. 9, 1894.   Appeal, No. 121, July T., 1893, by defendants, Stacy Reeves & Sons from judgment of C. P. No. 3, Phila. Co., Dec. T., 1891, No. 201, on verdict for plaintiffs, W. H. Harrison & Bro.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Assumpsit for work and materials.   Before GORDON, J.

At the trial it appeared that on July 1, 1890, Mrs. Charles P. Sinnickson entered into a contract with defendants by which they agreed to make alterations in her house.   The material portions of the contract were as follows :

" The contractor shall execute the work in accordance with the drawings and the following specifications, prepared by Addison Hutton, architect, to whom all questions as to their true interpretation shall be referred, and whose decision thereupon shall be final and conclusive, and thoroughly binding upon said contractor and his subcontractors.

" He shall make changes from original design if so required by the owner, without any claim for vitiation of the contract. . . . Payments on account will be made upon certificates issued by the architect. . . .

" Tiles. . . . The new tiles for fireplace fronts and hearths to be estimated at $40.00 each fire set complete, and the grates or backs and jambs are to be included also in this proposal at $40.00 each. The owner is to have the privilege of selecting these articles within the above figures."

Plaintiffs wrote defendants July 11, 1890, as follows:

" We propose to supply and set in the house of Mrs. Chas. P. Sinnickson, 230 South Nineteenth street, according to the plans and specifications of Mr. Addison Hutton, architect, the tile work in kitchen and bath rooms; the backs and jambs and tile hearth and facings; the range work and broiler; and we will remove the fireplace in parlor, dining-room and library with the tile hearths and facings—but will not remove the wood mantels, or agree to remove the tile hearths and facings without damage, or so that they can be used again—for $1,763.00."

Mrs. Sinnickson selected tiles less in price than $40.00, and plaintiffs wrote the architect May 6, 1891, as follows:

" Below please find memorandum of selection of tiles, hearths and facings and fireplaces for new house for Mrs. Sinnickson. The fireplaces are for our patterns, except where they are designated by Conover's name and number. They may not be indicated in the right room, but can be changed in accordance with Mrs. Sinnickson's wishes." Here followed an enumeration of tiles for thirteen fireplaces, naming price for each, altogether aggregating $597.

The architect, Addison Hutton, replied May 9, 1891:

" I have your favor of May 6th, with proposals for Mrs. Sinnickson's backs, jambs, tiles, etc., amounting to $597. Will you kindly proceed without delay to put in the same, beginning in the fourth story. . . . Kindly go on with this work as a part of your contract with Stacy Reeves & Sons, reporting the same to them."

This suit was brought to recover an unpaid balance, on the basis of $40.00 for each fireplace.

When Addison Hutton, the architect, was on the stand, defendants' attorney made this offer: I desire to prove by this witness that he was the architect who prepared the original contract and specifications under which the work was done; that the matter in controversy between the plaintiff and defendant in this suit was submitted to him at the request of Messrs.

Stacy Reeves & Sons, and that, having given notice to the plaintiffs herein, Harrison & Bro., he made his award in writing, in which he determined that there was nothing due to Messrs. Harrison & Bro. under the contract; and also produced the award which he made. Objection sustained, and bill sealed. [1, 2]

The court charged as follows :

" [In my view of this case, the plaintiffs are entitled to your verdict for $645, with interest] [4] from the date fixed by counsel. There were two defences. The first was, that Messrs. Stacy Reeves & Co., the defendants, agreed with the owners, as the original contractors, to do the work on this building, and that one of the covenants of their contract was, that they would submit all disputes to arbitration by the architect, and also that all subcontractors would likewise submit all disputes to the architect for arbitration. They say that they submitted this dispute between them and the plaintiffs to the architect, and that a certain award was made. I have declined to let them prove that, because [there is nothing in this case which shows that the plaintiffs here agreed to submit this claim to arbitration by anybody. There is absolutely no proof that they ever agreed to submit it to arbitration.] [5]

" The other defence is what you have heard counsel and myself trying to clarify, and which I may probably have made less clear to you by the remarks which I have made. I will say that [the defendants have been unable to show intelligibly what they do claim, and hence, in my view of the case, the plaintiffs are entitled to recover for the balance claimed.] [6] According to my view of this contract, the plaintiffs agreed to do a certain amount of work for $1,763, and afterwards the range work was taken out of that bill, and the remaining contract was $1,515. There is no dispute as to the manner in which the work was done, and the defendants admit that the work done by plaintiffs was done in a proper and workmanlike manner. [I therefore direct you to find for the plaintiffs for $645, with interest.] " [7]

Verdict and judgment for plaintiff for $704.14.

*Errors assigned* were (1, 2) rulings on evidence ; (3) in directing verdict for $704.14 ; (4–7) above instructions, quoting instructions, but not quoting bills of exceptions or evidence.

*Edward F. Pugh, Henry Flanders* with him, for appellants.—
The case was for the jury : Lerch v. Bard, 153 Pa. 573.

The case is strictly analogous to that of a subcontractor in
a mechanic's lien, who must inquire into the provisions of the
original contract, and is bound by them : Schroeder v. Galland,
134 Pa. 277 ; Tebay v. Kirkpatrick, 146 Pa. 120 ; Cook v. Mur-
phy, 150 Pa. 41 ; McElroy v. Braden, 152 Pa. 81 ; Faunce v.
Burke, 16 Pa. 469.

Where the contract provides that any dispute should be re-
ferred to an arbiter, the contractor cannot maintain an action
unless he shows that the dispute has been so referred, or that
he has offered to do so : Hartupee v. Pittsburgh, 97 Pa. 107 ;
Hamilton v. Hart, 125 Pa. 142 ; Kennedy v. Poor, 151 Pa. 472 ;
Irwin v. Shultz, 46 Pa. 74 ; Hostetter v. Pittsburgh, 107 Pa. 432.

*Wm. Henry Lex,* for appellees.—The specifications say noth-
ing about the power of the architect to arbitrate. Plaintiffs'
estimate referred to them alone.

All that plaintiffs needed to know, even under the mechan-
ic's lien cases, was contained in the plans and specifications.
The question of their neglect to lien was not involved. The
letters proposed to do the work according to the plans and spec-
ifications. All reference to the contract as such is omitted.

In order to bind the plaintiffs to an arbitration, it must
plainly appear that they expressly agreed to submit their claim
to arbitration : Lauman v. Young, 31 Pa. 306 ; Mentz v. Arme-
nia Fire Ins. Co., 79 Pa. 478.

The case is not strictly analogous to that of subcontractors
under the mechanic's lien laws. The cases on that subject are
all decided upon the basis of the enforcement of a right to lien,
which is purely statutory. And they are all decided in relation
to the effect the contract may have upon the owner. The
present case is one between a contractor and subcontractor, in
which the owner is not interested : Nice v. Walker, 153 Pa. 123.

OPINION BY MR. JUSTICE GREEN, March 5, 1894 :

We think the learned court below was in error in giving a
binding instruction to the jury to find for the plaintiffs the
designated sum of $645. The amount, if any, to which the
plaintiffs were entitled was a disputed question of fact which

could only be decided by the jury.    There was conflicting tes-
timony on that subject, the defendants claiming that the plain-
tiffs had been paid in full and were entitled to nothing.    The
credibility of the witnesses, the several payments made on ac-
count, the question whether the plaintiffs had furnished fire--
place fronts and hearths at $40.00 each and grates, or backs and
jambs at $40.00 each, or others in their place at a lower price
selected by Mrs. Sinnickson in conformity with a right of such
selection on her part under the original contract, were all mat-
ters for the consideration of the jury.    The question whether
Mrs. Sinnickson had a right to select fronts and hearths, and
grates, or backs and jambs, at a lower price than $40.00 each,.
and to have the contract price abated by the difference in price,.
was a question of the construction of the contract and there-
fore for the court.    But that question is not presented in the
charge nor in any points submitted on either side.    We are
very clear however that she did have the right to make such
selection, and if she did so select, she was entitled to have
credit on the contract price for the difference in the price as
against the original contractors, and that they had the right to
a similar credit against the plaintiffs who contracted with them
for this part of the work.    The privilege of selecting these
articles at a lower price than $40.00 each would be meaningless,
if she was to receive no benefit from such selection.

It is somewhat doubtful whether the plaintiffs would be con-
clusively bound by the arbitration of the architect.    We have
not the whole contract between the owner and the defendants
before us, and do not know whether a knowledge of its entire
contents would affect the question or not.    But the letter of
the plaintiffs to the defendants dated July 11, 1890, distinctly
proposed to supply the work and materials in question accord-
ing to the plans and specifications of the architect, and the
subsequent correspondence between the plaintiffs and the ar-
chitect indicates that all the plaintiff's work was furnished un-
der and in accordance with the plans and specifications of the
architect, and subject to his immediate supervision and control.
Moreover the plaintiff's letter and proposal to the architect,
dated May 6, 1891, contains a distinct memorandum of the se-
lection by Mrs. Sinnickson of the articles in question at much
reduced prices, recognized and acknowledged by the plaintiffs,

and, as we understand, an agreement to place them all in at the prices named, amounting to $597 instead of $1,040, which would be the original contract price at $40.00 each. We are at a loss to discover upon what principle the plaintiffs can claim to recover $1,040 for work which they apparently agreed in writing to do for $597. The idea that the owner, if she selected articles costing less than $1,040 was nevertheless bound to pay that price because the expression in the contract giving her the right of selection was " within the above figures," is altogether untenable. We cannot sanction it in any point of view.

Now while the determination of such a question as this was probably not within the function of the architect acting as arbitrator, we incline to think that the defendants' offer to prove the reference to, and action by the arbitrator should have been received, leaving the consideration of its effect for the subsequent action of the court upon all the testimony. It probably would have but little effect on the cause, because the contention between the parties seems to turn upon the question whether the plaintiffs are entitled to charge the defendants $1,040 for the fireplace fronts and grates, or backs and jambs, or $597, and on that subject we think, as we are at present advised, that they can only charge the lower sum.

The plaintiff, Charles H. Harrison, being on the witness stand, admitted that he had seen and read the original specifications, and he read from them on the stand the portion relating to this subject. It is as follows : " The new tiles for fireplace fronts and hearths to be estimated at $40.00 each, each fireplace set complete, and the grates or backs and jambs are to be included also in this proposal at $40.00 each. The owner is to have the privilege of selecting all these articles within the above figures." It will be observed that the figure $40.00 each was only an estimated figure, and was subject to the owner's right to select all the articles " within the above figures," that is, at lower figures. The witness also admitted that the owner had the right of selection within the figures, that she had made such selection, and that the fireplaces, backs and jambs which she so selected he had put in. His own proposition of May 6, 1891, to put these in at a cost of $597, was followed by a letter from the architect, dated May 9, 1891, directing the plaintiffs to put them in at that price, and to do it as a part of the plaintiffs'

contract with Stacy Reeves & Sons, reporting the same to them. As we understand, all this was done, and it certainly would be a matter for the jury to decide whether the work was put in at the price thus proposed and accepted or not.

The assignments of error are all sustained.

Judgment reversed and new venire awarded.